IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DARREL L. WILBER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 05-792-WDS** |
| | ) | |
| **JEANNE E. SCOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## O R D E R

**STIEHL, District Judge:**

This matter is before the Court *sua sponte* for docket control.

The Court can dismiss a frivolous suit for lack of subject matter jurisdiction if the factual circumstances alleged in the complaint cannot constitute a violation of federal law. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 950 (7th Cir.2003) (en banc).

Upon review, plaintiff's complaint appears to be nothing more than a hodgepodge of confusing and vague allegations and incomplete sentences. For instance, he purports to allege that the defendant, Judge Jeanne E. Scott, United States District Court Judge for the Central District of Illinois, has violated Article 1 of the United States Constitution, which states in relevant part, that Congress shall have the power to lay and collect taxes "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries...." U.S. Const. art. 1, § 8, cl. 8.

Specifically, he claims that Judge Scott "has not promoted the progress of science and Useful ART... BY GRANTING for limited times to me An Author - Inventor the Exclusive Right to my written discoveries." (Complaint p. 5). He further asserts that Judge Scott is a

"collection agency for the U.S. Government," and that she has "usurp [sic] minor law of fees as supreme law." (*Id*. pp. 4-5). The complaint goes on to include a list of the ways in which dismissal of this suit is an act of oppression, for instance, it is an "Oppression against advancement (promotion) of my new novel useful Art..., Oppression in securing [Fees]..., and Discrimination against my employability." (*Id*. p. 9). He then sets forth several biblical quotations to solidify his position that Judge Scott has stubbornly "[made] her position in government more important than my useful novel patentable Inventions..." (*Id*. p. 10).

Although the Court gleans that plaintiff is dissatisfied by his inability to secure a patent, it is unclear based on the record precisely what plaintiff is claiming or what the defendant's alleged involvement in this controversy is.[1] Further, plaintiff's allegations are nonsensical and frivolous.  Accordingly, although plaintiff makes frequent use of the phrase "constitutional violation," the Court finds that there is no basis for jurisdiction.

Based on the foregoing, the Court **DISMISSES** plaintiff's complaint for lack of subject matter jurisdiction.

---

[1] The Court did undertake its own investigation into this matter, and a review of the records of the United States District Court for the Central District of Illinois reveals that plaintiff has had one official interaction with Judge Scott. The Court takes judicial notice of the record in *Wilber v. McCusky*, 05-CV-3230-JES (C.D. Ill.), in which Judge Scott dismissed plaintiff's complaint against Judge Michael P. McCuskey, U.S. District Court Judge for the Central District of Illinois, for failure to pay the requisite filing fee.  If that dismissal is the basis for plaintiff's instant lawsuit, the Court notes that "judges are entitled to absolute immunity from damages for their judicial conduct." *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir.2001), cert. denied, 535 U.S. 971, 122 S.Ct. 1439 (2002). Indeed, "[j]udicial immunity was recognized at common law as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error and to protect judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* at 434-35 (cites omitted).

**IT IS SO ORDERED.**

**DATED: November 16, 2005.**

                                              **s/ WILLIAM D. STIEHL**
                                              **United States District Judge**